UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  No. 3:24-CV-00110-JRG-DCP |
| TENNESSEE VALLEY AUTHORITY, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

In this civil action, Plaintiff Southern Environmental Law Center ("SELC") seeks declaratory and injunctive relief against Defendant Tennessee Valley Authority ("TVA") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Now before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(h)(3) and/or 12(c) of the Federal Rules of Civil Procedure [Doc. 16]. As discussed below, the motion will be **DENIED**.

### I. BACKGROUND

On July 7, 2023, Plaintiff submitted a FOIA request to TVA, seeking records related to a proposed natural gas plant and battery energy storage system in Cheatham County, Tennessee. [Doc. 1 ¶¶ 2, 27; Doc. 1-1]. In the request, Plaintiff sought records of communications between TVA and five different companies. [Doc. 1-1]. During a June 20, 2023, phone call with Defendant's FOIA Officer, Denise Smith, Plaintiff agreed to narrow the request to include only communications between TVA and Kinder Morgan. [Doc. 1 ¶ 28; Doc. 1-2].

On August 4, 2023, Ms. Smith sent Plaintiff an interim response letter, acknowledging the narrowing of Plaintiff's request. [Doc. 1 ¶ 29; Doc. 1-3]. The letter also indicated that because

Defendant would be unable to process the request within twenty days, the request would be placed in "Track 3" of its multi-track system, which is reserved for requests that are expected to take the longest time to process. [Doc. 1-3].

On November 27, 2023, Plaintiff emailed Ms. Smith regarding the status of the FOIA request. [Doc. 1 ¶ 35; Doc. 1-4 at 2]. Ms. Smith responded three days later, stating that she "followed up on the Cheatham [request]." [Doc. 1-4]. She did not provide any additional information about the FOIA request. [*Id.*]. Seeking an update on the request, Plaintiff emailed Ms. Smith again on December 13, 2023. [Doc. 1 ¶ 36; Doc. 1-5]. However, Plaintiff did not receive a response. [Doc. 1 ¶ 36].

On March 7, 2024, Plaintiff filed a Complaint, alleging that Defendant violated FOIA by failing to make a timely determination, conduct a reasonable search, and provide SELC with all non-exempt records responsive to its FOIA request. [*Id.* ¶¶ 47–50].

Defendant sent Plaintiff a FOIA determination letter on April 12, 2024. [Doc. 15-1]. The letter included links to twenty-one documents, some of which were partially redacted.[1] [*Id.*; Doc. 12-1]. In the determination letter, Smith stated that the redactions were justified by FOIA Exemption 4, regarding confidential commercial or financial information, and Exemption 6, which concerns personal privacy. [Doc. 15-1 at 1–2]. Smith also cited Exemptions 4 and 6 as a basis for withholding seven documents that she said contained "draft terms or preliminary scope information." [*Id.* at 1]. The letter stated that Defendant had "conducted a thorough search of various resources, including the relevant business units within TVA that are most likely to hold, or have knowledge of, such records." [*Id.*].

---

[1] Plaintiff describes the documents Defendant provided as including "several partially redacted emails; images presented at public meetings; four duplicative maps, each cropped slightly differently; a partially redacted reimbursement agreement; and a scoping report that had already been made available to the general public on TVA's website." [Doc. 21 at 2–3; *see also* Doc. 21-1].

2

On April 15, 2024—one business day after responding to Plaintiff's FOIA request—TVA filed its Answer [Doc. 15] and moved to dismiss the Complaint for lack of subject matter jurisdiction [Doc. 16]. Plaintiff responded in opposition [Doc. 21] and Defendant replied [Doc. 22]. This matter is ripe for review.

## II. LEGAL STANDARD

Subject matter jurisdiction is a court's power to hear a case. *Teamsters Local Union 480 v. UPS*, 748 F.3d 281, 286 (6th Cir. 2014). If a court concludes at any point that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A defendant can challenge subject matter jurisdiction in one of two ways: a facial attack or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is "a challenge to the sufficiency of the pleading itself." *Id.* When addressing this kind of attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* (citation omitted). "A 'factual attack,' by contrast, is advanced when the movant contests the alleged jurisdictional facts by introducing evidence outside the pleadings." *Gaetano v. United States*, 994 F.3d 501, 505 (6th Cir. 2021) (citation omitted). In such a case, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598. "The plaintiff bears the burden of establishing the district court's subject-matter jurisdiction by a preponderance of the evidence[.]" *Williams v. Andreopoulos & Hill, LLC*, No. 23-1156, 2023 U.S. App. LEXIS 30003, at *7 (6th Cir. Nov. 9, 2023).

## III. DISCUSSION

Here, Defendant raises a factual challenge to the Court's subject matter jurisdiction. Relying on the April 12, 2024, determination letter, Defendant claims that the case is moot because

3

it "fully responded" to Plaintiff's FOIA request. [Doc. 18 at 5]. Defendant contends that any claims Plaintiff has concerning the adequacy of the FOIA response are not properly before the Court because they have not been exhausted. [Doc. 22 at 2–3, 5]. Plaintiff maintains that the case is not moot because "outstanding issues remain about the adequacy of TVA's search and assertion of exemptions." [Doc. 21 at 7]. In support of this argument, Plaintiff provides a copy of Defendant's FOIA response [Doc. 21-1] and cites examples of documents that it has reason to believe Defendant unreasonably failed to seek out or wrongfully withheld [Doc. 21 at 7–8]. Plaintiff contends that it is not required to pursue administrative remedies because it challenged the substantive adequacy of TVA's response in the Complaint and its claims are constructively exhausted. [*Id.* at 8–10].

A.  **Mootness**

Defendant's post-complaint FOIA response did not render the case moot. "Mootness addresses whether the plaintiff continues to have an interest in the outcome of the litigation." *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004) (citation omitted). "[I]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed." *Id.* (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

A FOIA action is based on an agency's improper withholding of records. 5 U.S.C. § 552(a)(4)(B). Thus, a FOIA case becomes moot when an agency produces all documents responsive to the FOIA request. *See GMRI, Inc. v. EEOC*, 149 F.3d 449, 451 (6th Cir. 1998) (observing that "[o]nce the EEOC turned over everything in its possession related to plaintiff's FOIA request, the merits of plaintiff's claim for relief, in the form of production of information, became moot"). If the agency has not provided a complete response, the case is not moot. *Citizens*

4

*for Responsibility & Ethics in Wash. v. FEC*, 404 U.S. App. D.C. 275, 279 (2013) (finding that live controversy remained, despite agency's response, because the plaintiff "raised a substantive challenge to the agency's withholding of responsive, non-exempt records"); *Bayala v. U.S. Dep't of Homeland Sec.*, 827 F.3d 31, 34 (D.C. Cir. 2016) ("[T]he entire FOIA case is not moot because [appellant] has not received all of the documents that he requested.").

Although Defendant maintains that it fully responded to Plaintiff's FOIA request, Plaintiff has identified multiple documents that it has reason to believe TVA withheld or unreasonably failed to locate. [Doc. 21 at 7–8]. Those documents include "bi-weekly calls between TVA and TGP"; "invoices or payments pursuant to the disclosed reimbursement agreement"; a "subsequent agreement contemplated in the disclosed reimbursement agreement,"; and "missing replies to several disclosed emails." [*Id.*]. Further, as Plaintiff points out, Defendant provided little information about the seven withheld documents and gave only a conclusory explanation of its search for responsive records. [Doc. 15-1 at 1]. Given that the Complaint challenged the adequacy of Defendant's FOIA response, and that issue has not been fully resolved, the Court retains the ability to give meaningful relief. Hence, the case is not moot.[2]

**B.     Exhaustion**

Moreover, Plaintiff's suit is not barred by failure to meet the exhaustion requirement. Courts in the Sixth Circuit have held that FOIA requires a plaintiff to exhaust administrative remedies before seeking judicial review. *See Auto All. Int'l, Inc. v. United States Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005). "The exhaustion requirement is satisfied when either: (1) the individual submits a FOIA request and administratively appeals any adverse determinations,

---

[2] The Court notes that its analysis here applies only to the jurisdictional question at issue. The Court does not make a finding, on the merits, regarding whether Defendant withheld documents or otherwise failed to provide a complete FOIA response. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) ("Where the court takes evidence for a limited purpose of ruling on jurisdiction, the preclusive effect of such findings is limited to the issue decided.).

or (2) the agency fails to respond to a FOIA request within the time limits articulated in the Act [i.e. constructive exhaustion]." *Kinman v. United States*, No. 1:16-cv-00329, 2016 U.S. Dist. LEXIS 169447, at *9 (S.D. Ohio Dec. 6, 2016) (citation omitted); *see* 5 U.S.C. § 552(a)(6)(C)(i). Generally, FOIA requires agencies to make a determination within twenty working days of receiving the FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

Here, Plaintiff requested records from TVA in July 2023. Defendant did not respond to that request until April 2024, well after the applicable time limit. Therefore, Plaintiff's FOIA claims were constructively exhausted. The fact that Defendant provided a response after the commencement of this lawsuit does not change the analysis. *See Pollack v. Department of Justice*, 49 F.3d 115, 118 (4th Cir. 1995) (holding that an agency that fails to respond to a FOIA request before suit is filed "may not insist . . . that administrative remedies be exhausted"); *CREW*, 711 F.3d at 189–90 ("If the agency does not adhere to FOIA's explicit timeliness," as set forth in the text, "the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court.").[3]

### IV. CONCLUSION

For the reasons discussed above, the motion to dismiss is **DENIED**.

So ordered.

ENTER:

---

[3] The Court notes that Defendant raises two additional grounds for dismissal: (1) that Plaintiff fails to state a claim that the FOIA response was inadequate because the language in the Complaint is conclusory, and (2) that Plaintiff lacks standing to challenge the adequacy of its FOIA response because that issue did not exist at the time the Complaint was filed. [Doc. 22 at 4]. These arguments seem to assume that in order to challenge the adequacy of a post-complaint FOIA response, a plaintiff must file an entirely new claim. The Court does not share that view. In any event, Defendant raised these arguments for the first time in its Reply. And it is well settled that a moving party cannot raise new issues for the first time in a reply brief because doing so "deprives the non-moving party of its opportunity to address the new arguments." *Cooper v. Shelby Cnty.*, No. 07-2283-STA-cgc, 2010 U.S. Dist. LEXIS 81198, 2010 WL 3211677, at *3 n. 14 (W.D. Tenn. Aug. 10, 2010) (collecting cases); *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (noting that a party waives an issue raised for the first time in a reply brief or motion for reconsideration). Thus, the Court will not address these additional arguments.

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE